DLD-092                                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2432

_____

ANTHONY MONEYHAM,
Appellant

v.

DAVID EBBERT; ANDREW EDINGER; FRANCES FISCIANA; WAYNE,
Optometrist at USP Lewisburg; MATTHEW BARTH; L. POTTER; S. IPPOLITO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-00328)
District Judge: Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 4, 2018
Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: January 11, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Anthony Moneyham, a federal prisoner incarcerated at FCI-Lewisburg, appeals from the District Court's order denying his motion for preliminary injunctive relief. For the following reasons, we will affirm.

Moneyham brought suit against several Bureau of Prisons employees alleging that, on November 20, 2014 and on February 21, 2015, he was placed in tight restraints for a prolonged period of time which "cut [his] ankles, side and wrist," and that he was denied pain medication, dental care, and eye care, both at the time of the February 21, 2015 incident and in the time since. Doc. No. 1 ¶ 1-3. We construe his complaint as bringing claims of excessive force and deliberate indifference to serious medical needs under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Along with his complaint, Moneyham filed a "Motion for an Emergency Restraining Order," which requested the following relief: (1) an order barring a non-party physician assistant from providing medical treatment to him; (2) an order directing a prison optometrist to conduct an eye examination and provide him with a replacement set of prescription eyeglasses; (3) an order directing a prison dentist to provide dental treatment; (4) an order directing that his nerve pain medication prescription be reinstated; and (5) an order directing prison officials to install a 24-hour wall-mounted surveillance camera in any cells where inmates are held while placed in ambulatory restraints. A magistrate judge issued a report and recommendation recommending denial of the motion, which he construed as a motion for temporary restraining order or preliminary

2

injunction. By order dated June 14, 2017, the District Court adopted the magistrate judge's recommendation and denied the motion. Moneyham appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).[1] "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). Our standard of review is narrow. Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009). "Unless an abuse of discretion is clearly established, or an obvious error has [occurred] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct." Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d Cir. 1986) (quotation omitted). Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer

---

[1] Ordinarily, we do not have jurisdiction to review the denial or grant of a temporary restraining order. See e.g., Vuitton v. White, 945 F.2d 569, 573 (3d Cir. 1991). But Moneyham's motion, though styled as a motion for an "emergency restraining order," was properly construed by the District Court as a motion for temporary restraining order *or preliminary injunction*. See In re Arthur Treacher's Franchisee Litig., 689 F.2d 1150, 1155 n.7 (3d Cir. 1982) (stating that we may "[l]ook beyond terminology to the actual content, purport, and effect of that which may otherwise be described as a temporary restraining order or as a preliminary injunction") (quoting Smith v. Grady, 411 F.2d 181, 186 (5th Cir. 1969)).

irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The irreparable harm alleged must be actual and imminent, not merely speculative. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).

In his first injunction request, Moneyham asked the District Court to bar a non-party physician assistant who examined him on February 17, 2017 for a possible blood clot in his left leg "from making any decision about [his] health." Doc. No. 3 ¶ 10. The District Court was correct to deny this requested injunction because it involved allegations unrelated to the complaint. See Hershey Foods v. Hershey Creamery Co., 945 F.2d 1272, 1279 (3d Cir. 1991).

The District Court denied Moneyham's next three injunction requests for failure to demonstrate a likelihood of success on the merits. As to the request that the optometrist be ordered to perform an eye examination and provide a pair of prescription eyeglasses to replace his existing pair that had been scratched in the February 2015 incident, the District Court was correct to conclude that the alleged damage to one of his lenses did not implicate a serious medical need, see Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (holding that a prisoner's alleged medical need for prescription eyeglasses is sufficiently

4

serious under the Eighth Amendment where the resulting visual deficiencies, such as double vision and loss of depth perception, could readily cause a person to injure himself by falling or colliding with objects), and that Moneyham thus failed to demonstrate a likelihood of success on the merits of his deliberate indifference claim against the optometrist.

The District Court was also correct to deny the next injunction request asking for an order directing the prison dentist to provide dental treatment. Relevant here, Moneyham acknowledges that he has "seen the dentist who recommended extraction of [his] tooth" but that "[Moneyham] refuse[d] because the tooth is not ruin[ed]." Doc. No. 3 ¶ 3; see Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (stating that "mere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation").

As to the request for an order directing that his nerve pain medication prescription be reinstated after it was discontinued after the incident in February 2015, the District Court properly concluded that the complaint was devoid of sufficient factual allegations to establish that the discontinuation of the unspecified pain medication implicated a serious medical need, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and that Moneyham thus failed to demonstrate a likelihood of success on the merits of his claim that a prison doctor was deliberately indifferent for discontinuing this medication.[2]

---

[2] It should be noted that, after he filed this appeal of the District Court's order denying preliminary injunctive relief, Moneyham filed an amended complaint which expands upon these allegations that a prison doctor was deliberately indifferent for discontinuing

Moneyham's final injunction request was for an order requiring prison officials to install surveillance cameras in any cells where inmates are placed in ambulatory restraints. This request was related to his excessive force claim, and he argues that the cameras are necessary to ensure that prison officials are not placing inmates in excessively tight restraints or otherwise mistreating them. The District Court was correct to deny this injunction request for failure to establish any immediate irreparable harm. See Campbell Soup Co., 977 F.2d at 91.

Accordingly, we will affirm the District Court's order denying Moneyham's motion for preliminary injunctive relief.

---

this pain medication. See Doc. No. 29.